FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 24, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KARI L. DOHRMAN,<br><br>                              Plaintiff,<br><br>     -vs-<br><br>STATE OF WASHINGTON<br>DEPARTMENT OF SOCIAL AND<br>HEALTH SERVICES,<br><br>                              Defendant. | No.    2:24-CV-00359-RLP<br><br>ORDER GRANTING MOTION TO<br>DISMISS AND LEAVE TO AMEND |

Before the Court is a motion to dismiss filed by Defendant Department of Social and Health Services (DSHS), ECF No. 7. DSHS seeks dismissal of Plaintiff Kari L. Dohrman's Complaint, which alleges Ms. Dohrman was unlawfully terminated from state employment because of Governor Jay Inslee's proclamation, requiring certain Washington employees be vaccinated against COVID-19. DSHS argues Ms. Dohrman's Complaint must be dismissed based on res judicata, sovereign immunity, and failure to state a claim. For the reasons set forth below, the Court agrees with DSHS that, as pleaded, this case is subject to dismissal. Nevertheless, because it is not apparent that amendment of the Complaint will be futile, the Court grants Ms. Dorhman limited leave to amend her Complaint.

BACKGROUND

Kari Dohrman began working for DSHS as a support enforcement technician in 2004. ECF No. 1 ¶ 5.1. On August 9, 2021, Washington Governor Jay Inslee issued Proclamation 21-14, prohibiting state employees from working after October 18, 2021,

ORDER GRANTING MOTION
TO DISMISS - 1

without being vaccinated against COVID-19, unless they received an accommodation. ECF No. 1 at ℙ 54.24, Exh. P5. As a result of the proclamation, Ms. Dohrman was notified of her responsibility to get vaccinated or seek an exemption. ECF No. 1 at ℙ 5.5-5.7, 5.10. Ms. Dohrman submitted requests for religious and medical exemptions. On October 12, 2021, DSHS notified Ms. Dohrman that she was approved for a religious exemption, that the only available accommodation was reassignment, and DSHS was unable to locate a viable reassignment position. As a result, Ms. Dorhman was separated from DSHS. ECF No. 1, ℙ 5.11.

On October 15, 2021, Ms. Dohrman was one of 100 state employees who filed a complaint for injunctive relief and damages in the U.S. District Court for the Western District of Washington, based on claims arising under Governor Inslee's vaccine proclamation. *See* ECF No. 8, Exh. A (hereinafter 2021 complaint or 2021 case). The 2021 complaint was filed by counsel against the following defendants: Washington Governor Jay Inslee, Washington State Patrol Chief John Batiste, Washington Department of Corrections Secretary Cheryl Strange, Washington Department of Transportation Secretary Roger Miller, Washington Department of Agriculture Secretary Derek Sandison, Washington Director of Agriculture Derek Sandison, Washington Secretary of the Department of Children, Youth and Families Ross Hunter, Washington Department of Health Secretary Umair Shah, and Washington State Department of Labor and Industries Director Joel Sacks. *Id*.

The 2021 complaint was dismissed on the pleadings through an order dated May 27, 2022. *See* ECF No. 8, Exh. B. The order stated the 2021 complaint alleged "a facial and not an as-applied challenge" to the constitutionality of the Governor's vaccine proclamation. *Id.* at 3. As part of this ruling, the court explained that given the 2021 case involved 100 plaintiffs, it "clearly [was] not the appropriate vehicle for resolving individual, as applied claims …." *Id*. In addition to issuing an adverse ruling with respect to the plaintiffs' facial challenge, the order denied individual claims under the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964 as well as individual allegations regarding violations of contracts and procedural due process. The order of

dismissal was affirmed on appeal. *See Pilz v. Inslee*, 2023 WL 8866565 (9th Cir. Dec. 22, 2023) (unpublished).

Acting pro se, Ms. Dohrman filed the instant Complaint on October 17, 2024. She seeks actual and punitive damages[1] and alleges six causes of action arising out of Governor Inslee's vaccine requirement and her termination of employment with DSHS. First, she alleges DSHS has violated her right to privacy under the Fourteenth Amendment to the United States Constitution and Article 1, Section 7, of the Washington State Constitution. *See* ECF No. 1 at ⁋ 8.1. Second, she claims a violation of her right to liberty under the Fourteenth Amendment to the United States Constitution. *Id*. at ⁋ 8.2. Third, she alleges a violation of informed consent under federal and state law. *Id*. at ⁋ 8.3. Fourth she claims a violation of her right to continued employment. *Id*. at ⁋ 8.4. Fifth she alleges a violation of her right to free exercise of religion under the U.S. Constitution and Title VII of the Civil Rights Act of 1964. *Id*. at ⁋ 8.5. And sixth, she alleges violation of a right against discrimination under the Occupational Safety and Health Act of 1970 (OSHA). *Id*. at ⁋ 8.6.

Defendant DSHS has filed a motion to dismiss pursuant to FRCP 12(b)(6). DSHS identifies several bases for dismissal, including res judicata, sovereign immunity, and failure to state a valid legal claim. Ms. Dohrman has filed a response to DSHS's motion and the matter was considered by the Court without oral argument.

ANALYSIS

A complaint is subject to dismissal under FRCP 12(b)(6) if it lacks a cognizable legal theory or fails to allege sufficient facts to assert a plausible claim for relief. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). In assessing a FRCP 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336,

---

[1] The Complaint's opening paragraph states Ms. Dohrman seeks "declaratory and injunctive relief, as well as money damages." ECF No. 1 at 1. However, in the prayer for relief, Ms. Dohrman only seeks damages in the form of lost wages, attorney fees and costs, interest, and punitive damages. ECF 1 at ⁋⁋ 10.1-10.5.

337-38 (9th Cir. 1996). "A complaint should not be dismissed unless a plaintiff can prove no set of facts to support" their claim. *Id*. at 338.

Generally, the Court's consideration of a 12(b)(6) motion is limited to materials submitted with a complaint. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Nevertheless, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action." *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956). A court may "'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of a motion to dismiss." *MIR v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (*quoting MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)).

*Res Judicata*

The defense of res judicata is one that may be raised under FRCP 12(b)(6). *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). "Res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised *or could have been raised*' in a prior action." *Stewart v. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (*quoting Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). For res judicata to apply, there must be "(1) an identity of claim; (2) a final judgment on the merits; and (3) identity or privity between parties." *Id*.

DSHS argues res judicata bars Ms. Dohrman's complaint because (1) her current claims were either raised or could have been raised in the 2021 complaint, (2) the prior complaint was dismissed through a final judgment on the merits, and (3) the same parties were involved in the prior case. Ms. Dohrman's only response to DSHS's res judicata argument is the bald claim that inclusion of her name in the 2021 case "was an error." ECF No. 10 at 1.

The Court readily agrees with DSHS as to the applicability of the second and third elements of res judicata. Both prongs are addressed in turn.

With respect to the second element of res judicata, the 2021 case was dismissed under FRCP 12(c) and the order of dismissal was affirmed on appeal. *See Pilz v. Inslee*, 2023 WL 8866565 (9th Cir. Dec. 22, 2023) (unpublished). This constitutes a final

ORDER GRANTING MOTION
TO DISMISS - 4

judgment on the merits. *See Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399, n.3., 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981).

With respect to the third res judicata element, there is an identity of parties. Ms. Dohrman does not disagree that the defendant in this case—DSHS—is in privity with the state defendants in the 2021 case. Indeed, the state defendants were sued in the prior case because they were responsible for Ms. Dohrman's employment. The same is true of DSHS, the defendant here. Accordingly, there is a clear identity of defendants. *See United States v. ITT Rayonier Inc.*, 627 F.2d 996, 1003 (9th Cir. 1980). Ms. Dorhman appears to argue there is no identity of plaintiffs. According to Ms. Dohrman, she was included in the 2021 case by mistake. Yet she does not deny she was named in the 2021 complaint. She is identified in the 48th paragraph of the complaint as "an employee of Washington State Department of Social and Health Services, residing in Chelan County." *See* ECF No. 8, Exh. A at 6. And Ms. Dohrman does not deny that she was never dismissed from the 2021 case. Her name appears on the Ninth Circuit opinion affirming the order of dismissal. *See Pilz v. Inslee*, 2023 WL 8866565 (9th Cir. Dec. 22, 2023) (unpublished). To the extent Ms. Dohrman claims counsel in the 2021 case acted inappropriately in including her as a plaintiff, her complaint is against counsel who filed the prior complaint in her name. Ms. Dohrman has not asserted a valid reason for challenging her involvement in the prior case for purposes of res judicata.

Although not explored in detail by the parties, the Court is most concerned about the first element of res judicata, which requires an identity of claims. Four non-mechanical factors apply to this portion of the analysis:

> (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether the rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.

ORDER GRANTING MOTION
TO DISMISS - 5

*Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). The first factor is the most important. *See Costantini v. Trans World Airlines*, 681 F.2d 1199, 1202 (9th Cir. 1982).

The Court agrees with DSHS that first and most important factor favors application of res judicata. Ms. Dohrman's claims in the prior case were based entirely on events leading up to her termination from employment, the claims clearly "relate to the same set of facts." *Mpovo*, 430 F.3d at 987.

Nevertheless, the prior case was restricted to a facial challenge to the constitutionality of the vaccine requirement. According to order of dismissal, the prior case was deemed an inappropriate vehicle for addressing as-applied challenges to the requirement. Although the order of dismissal addressed individual statutory and contract claims, the court ruled that constitutional challenges would be limited to the facial argument that the vaccine requirement was invalid in all applications.

This Court agrees with DSHS that, given the prior case, res judicata now precludes Ms. Dohrman from raising a facial challenge to the constitutionality of the vaccine requirement. In addition, given the prior order addressed the merits of individual statutory claims, individual contract claims, and individual allegations of violations of procedural due process, Ms. Dohrman is now precluded from raising such claims here.

But the Court is not satisfied that Ms. Dorhman is precluded from bringing an as-applied challenge to the constitutionality of the vaccine requirement. There is some authority for the idea that application of res judicata may be denied to avoid "manifest injustice." *Thompson v. Schweiker*, 665 F.2d 936, 940-41 (9th Cir. 1982). To the extent Ms. Dohrman was precluded from bring an as-applied constitutional challenge in the prior case, it appears it would be manifestly unjust to invoke res judicata as a bar to an as-applied challenge.

The Court notes that it is unclear whether Ms. Dohrman is currently bringing an as-applied challenge. Most of the Complaint's allegations are generalized allegations

ORDER GRANTING MOTION
TO DISMISS - 6

applicable to all state employees who were subjected to the vaccine requirement. Nevertheless, there is one statement in the Complaint that suggests Ms. Dohrman is asserting an as-applied challenge. Specifically, Ms. Dohrman claims that she had been working remotely since March 2020 and "could have easily continued performing her duties remotely." ECF No. 1 at 30. She further asserts that this circumstance underscores the "arbitrary and capricious nature" of the "vaccine policy and how it was applied." *Id*.

Given Ms. Dohrman is proceeding pro se, the Court must liberally construe the pleadings and afford her the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under this standard, the Court determines that the Complaint can be read as asserting an as-applied challenge to the constitutionality of the vaccine requirement which would appear to survive DSHS's arguments for application of res judicata. The Court decides this aspect of the applicability of res judicata without leave for reconsideration of this issue, should the procedural posture of this case require additional briefing.

*Sovereign immunity*

DSHS argues that regardless of res judicata, Ms. Dohrman's federal constitutional claims must be dismissed on the basis of sovereign immunity. The Court agrees. "[A] litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). But it is well established that the State and the arms of the State are immune from suit under § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Here, DSHS is a state agency that is entitled to sovereign immunity. Thus, to the extent Ms. Dorhman is raising an as-applied challenge to the vaccine requirement against DSHS under the federal constitution, her claim must be dismissed. Given that a federal as-applied challenge appears to be the only claim that could survive application of res judicata, application of sovereign immunity means the Complaint must be dismissed in its entirety.

*Leave to amend*

ORDER GRANTING MOTION
TO DISMISS - 7

"'[A] district court should grant leave to amend even if no request to amend the pleadings was made, unless it determines the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Here, it is not clear that the deficiencies in Ms. Dohrman's complaint cannot be cured through amendment. An amended complaint could clarify any as-applied nature of Ms. Dohrman's constitutional claims. And sovereign immunity would not bar Ms. Dohrman from bringing a § 1983 suit against state officers based on claims for "liability for damages in their personal capacities." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n. 24, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997). Thus, the Court determines Ms. Dohrman should be afforded the opportunity to amend her complaint.

Based on the foregoing, the Court ORDERS as follows:

1. DSHS's **Motion to Dismiss (ECF No. 7) is GRANTED**. The Court DISMISSES with prejudice all claims involving a facial challenge to the governor's COVID-19 vaccine requirement. The Court further DISMISSES with prejudice all claims against DSHS alleging federal constitutional violations and all claims alleging individual violations of statutory rights, individual rights to contract, and individual violations of procedural due process.

2. The Court **GRANTS** Plaintiff leave to amend her complaint to address the deficiencies identified in this order. An amended complaint is due no later than **thirty (30)** days after entry of this order.

3. A renewed motion to dismiss may be filed within **twenty-one (21)** days of the filing of the amended complaint. As previously stated, should there be a renewed motion to dismiss, leave is given to seek reconsideration of the Court's determination that res judicata does not bar an attempt to raise an as-applied challenge to the constitutionality of the vaccine requirement.

ORDER GRANTING MOTION
TO DISMISS - 8

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** January 24, 2025

_____

REBECCA L. PENNELL
DISTRICT COURT JUDGE

ORDER GRANTING MOTION
TO DISMISS - 9