FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 21, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KARI L. DOHRMAN,<br><br>              Plaintiff,<br>   v.<br><br>STATE OF WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH SERVICES, WENDY LONG, DONALD CLINTSMAN<br><br>              Defendants. | No.   2:24-CV-00359-RLP<br><br>ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT |

Before the Court is Defendants Washington Department of Social and Health Services (DSHS), DSHS Senior Director of Human Resources Wendy Long, and Acting Secretary Donald Clintsman's Motion to Dismiss the Amended Complaint, ECF No. 27. Defendants seek dismissal of Plaintiff Kari L. Dohrman's Amended Complaint, which alleges Ms. Dohrman was unlawfully terminated from state employment based on her refusal to vaccinate against COVID-19. Defendants argue Ms. Dohrman's claims are barred by the statute of limitations and otherwise fail as a matter of law. The Court grants Defendants' motion based on expiration of the statute of limitations.

ORDER GRANTING MOTION
TO DISMISS - 1

# BACKGROUND[1]

Kari Dohrman began working for DSHS as a Support Enforcement Technician in 2004. ECF No 20, ¶ 5.1. In 2021, Ms. Dohrman was notified of her responsibility to obtain a vaccination against COVID-19 pursuant to a state proclamation. ECF No. 20, Exh. 2. The notification stated that any non-exempt individual who did not provide proof of full vaccination by October 18, 2021, would be subject to non-disciplinary dismissal from employment. *Id*.

On October 1, 2021, Ms. Dohrman applied for a religious exemption, explaining that she could not get vaccinated because of her faith. *Id*. at Exh. 6. On October 12, 2021, DSHS Human Resources Division Senior Director Wendy Long notified Ms. Dohrman that she was approved for a religious exemption, the only available accommodation was reassignment, and DSHS was unable to locate a viable reassignment position. *Id*. Ms. Dohrman's last day of work was October 16, 2021. *Id*., ¶ 5.23.

Acting *pro se*, Ms. Dohrman filed a Complaint in the Eastern District of Washington on October 17, 2024 against DSHS. *See* ECF No. 1. Her original Complaint alleged six causes of action arising out of Governor Inslee's vaccine requirement and her termination of employment with DSHS. *Id*. Defendants moved to dismiss arguing, *inter alia*, that Ms.

---

[1] The Court set forth a more detailed factual background in the Order dismissing Ms. Dohrman's Complaint, ECF No. 17, so only a brief overview of the facts is necessary here.

ORDER GRANTING MOTION
TO DISMISS - 2

1  Dohrman's claims were barred by *res judicata* based on a prior class action lawsuit Ms.

2  Dohrman joined.[2] *See* ECF No. 7. This Court agreed, but nonetheless granted Ms.

3  Dohrman leave to amend her pleadings to assert an as-applied challenge. ECF No. 17.

4       Ms. Dohrman filed an amended complaint on March 10, 2025, alleging that

5  Defendants violated her First Amendment right to religious freedom and Fourteenth

6  Amendment right to due process. ECF No. 20.

## STANDARD OF REVIEW

     A complaint is subject to dismissal under FRCP 12(b)(6) if it lacks a cognizable legal theory or fails to allege sufficient facts to assert a plausible claim for relief. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). In assessing a FRCP 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336,

---

[2] Ms. Dohrman was one of 100 state employees who filed a complaint for injunctive relief and damages in the U.S. District Court for the Western District of Washington based on claims arising under Governor Inslee's vaccine proclamation. *See Pilz v. Inslee*, 2023 WL 8866565 (9th Cir. Dec. 22, 2023) (unpublished). The 2021 complaint was dismissed on the pleadings through an order dated May 27, 2022. *See* ECF No. 8, Exh. B. The order stated the 2021 complaint alleged "a facial and not an as-applied challenge" to the constitutionality of the Governor's vaccine proclamation. *Id*. at 3.

ORDER GRANTING MOTION
TO DISMISS - 3

337-38 (9th Cir. 1996). "A complaint should not be dismissed unless a plaintiff can prove no set of facts to support" their claim. *Id*. at 338.

A statute of limitations defense is permissibly asserted in a motion to dismiss if the running of the statute is apparent on the face of the complaint or in documents outside of the pleadings that the Court is willing to consider. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir.1980). However, "omitting a statute of limitations defense from a pre-answer motion will not waive that defense." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 992 F. Supp. 1218, 1225-26 (D. Nev. 1998), *aff'd in part, rev'd in part*, 216 F.3d 764 (9th Cir. 2000), *aff'd*, 535 U.S. 302, 122 S. Ct. 1465 (2002).

Courts rely on state law to determine the statute of limitations period applicable to § 1983 claims and rely on federal law to determine the point at which the limitations period begins to run. *Hoesterey v. City of Cathedral City*, 945 F.2d 317, 318-19 (9th Cir. 1991). In Washington, the length of the statute of limitations period for a § 1983 claim is three years. *Joshua v. Newell*, 871 F.2d 884, 886 (9th Cir. 1989) (citing RCW 4.16.080(2)).

Under federal law, the touchstone for determining the commencement of the limitations period is notice: "a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis for his action." *Cline v. Brusett*, 661 F.2d 108, 110 (9th Cir. 1981). For a claim based on termination from employment, the statute of limitations runs from "when the operative decision to terminate was made" and the plaintiff was notified of the decision, not "when the decision is carried out." *RK*

ORDER GRANTING MOTION
TO DISMISS - 4

*Ventures, Inc. v. City of Seattl*e, 307 F.3d 1045, 1059 (9th Cir. 2002); *Delaware State Coll. v. Ricks*, 449 U.S. 250, 258, 101 S. Ct. 498 (1980) (holding that statute of limitations on plaintiff's claim that denial of tenure was discriminatory commenced when the tenure decision was made and plaintiff was notified, not when the employment ended).

## ANALYSIS

Defendants contend that Ms. Dohrman's claims are barred by the statute of limitations and should be dismissed. Ms. Dohrman contends that the statute of limitations began to run on October 18, 2021, and therefore her Complaint filed on October 17, 2024 is timely. Defendants respond that the statute of limitations began on October 12, 2018, the date Ms. Dohrman was notified of her employer's termination decision.

The statute of limitations began running on October 12, 2019, the date "the operative decision to terminate" was made and Ms. Dohrman was notified of the decision. *RK Ventures, Inc.*, 307 F.3d at 1059. The date of Ms. Dohrman's dismissal—the date when she no longer worked for DSHS—does not affect the statute of limitations. "The fact of termination is not itself an illegal act." *Id.* "[T]he alleged illegal act was ... discrimination in the…decision." *Chardon v. Fernandez*, 454 U.S. 6, 8, 102 S. Ct. 28 (1981).

Here, Ms. Dohrman filed her Complaint on October 17, 2024. She was notified that DSHS was unable accommodate her religious exemption on October 12, 2021. "[T]he operative decision occurred when the Department told [Ms. Dohrman] that [s]he would be let go because it could not accommodate h[er] religious exemption." *Topolski v.*

ORDER GRANTING MOTION
TO DISMISS - 5

*Washington State Dep't of Licensing*, 2025 WL 774732 at *4 (W.D. Wash. Mar. 11, 2025). Although Ms. Dohrman had until October 18 to become vaccinated and retain her position at DSHS, she does not allege that her October 18 termination is a separate unconstitutional act. Rather, the Department's decision not to accommodate Ms. Dohrman was the "operative alleged illegal act." *Id*.

Thus, Defendants' Motion to Dismiss Ms. Dohrman's Amended Complaint, **ECF No. 27**, is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and judgment in favor of Defendants, forward copies to counsel, and close this file.

**DATED** May 21, 2025

REBECCA L. PENNELL
DISTRICT COURT JUDGE

ORDER GRANTING MOTION TO DISMISS - 6