FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 02, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KARI L. DOHRMAN,<br><br>               Plaintiff,<br>v.<br><br>STATE OF WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH SERVICES, WENDY LONG, DONALD CLINTSMAN<br><br>               Defendants. | No.   2:24-CV-00359-RLP<br><br>ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT |

Before the Court is Plaintiff Kari Dohrman's Motion to Alter or Amend Judgement. ECF No. 32. The matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Ms. Dohrman's Motion to Amend or Alter Judgement, ECF No. 32, is denied.

DISCUSSION

A successful motion for reconsideration must accomplish two goals. First, it must demonstrate some reason why the court should reconsider its prior decision. *Na Mamo O 'Aha 'Ino v. Galiher*, 60 F.Supp.2d 1058, 1059 (D. Haw. 1999) (citation omitted). Second,

ORDER GRANTING MOTION
TO DISMISS - 1

a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *Id.*

Under Rule 59(e), it is appropriate to alter or amend a judgment if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Mere disagreement with a previous order is an insufficient basis for reconsideration. *Hawaii Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1270 (D. Haw. 2005). Furthermore, reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *See Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

As an initial matter, the Court acknowledges the scrivener's error in the Order Granting Defendant's Motion to Dismiss the Amended Complaint. *See* ECF No. 30 at 5. The statute of limitations began running on Ms. Dohrman's claim on October 12, 2021, the date she was notified that DSHS was unable to accommodate her religious exemption. That error, however, does nothing to change the analysis or conclusion of the Court. Ms. Dohrman has not identified an intervening change in the law, submitted any

ORDER GRANTING MOTION
TO DISMISS - 2

1  new evidence, or demonstrated the Court committed clear error that was manifestly

2  unjust. *See Hawaii Stevedores,* 363 F. Supp. 2d at 1269. Ms. Dohrman simply disagrees

3  with the Court's prior order which is "an insufficient basis for reconsideration." *Id*. Thus,

4  Ms. Dohrman has not provided any grounds upon which the Court can grant her motion

5      **ACCORDINGLY, IT IS HEREBY ORDERED**:

6  Ms. Dohrman's Motion to alter or Amend Judgment, **ECF No. 32**, is **DENIED.**

7  The District Executive is directed to enter this Order and furnish copies to counsel. This

8  file remains **closed**.

9      **DATED** June 2, 2025

REBECCA L. PENNELL
DISTRICT COURT JUDGE

ORDER GRANTING MOTION
TO DISMISS - 3